Judge Robertson
delivered the opinion of the Court.
Hancock sold a negro-girl to Ship, for $300, and by a bill of sale, warrantied the title. Ship retained the undisturbed possession of the slave, until her death. He then brought an action on the case, for a fraudulent warranty, and obtained judgment for $276 in damages. During the progress of the trial, and after the verdict, various questions arose, which *438 are reserved on the record for our revisa], but it will not be necessary to notice them all.
Facts proved in the cause,
Sales of a negro, by cestui que trust, with the approbation & consent of trustee, vests an absolute title in the purchaser.
The objection made to Hancock’s title is, that the girl belonged to Warrage and wife, as cestui que trusts, under a deed of trust, executed by her father, the original owner.
The proof is, that the girl was loaned to Warrage, in May, 1817, and remained in bis possession, in Virginia, until the 17th December, 1822, when the deed of trust was executed; and continued in his possession until some time in 1823, when he and his wife, with the assent and concurrence of the trustee, for a full consideration, sold her to the plaintiff in error, for the purpose of raising funds to enable them (Warrage and wife) to remove to Kentucky, That part of the price of the girl, was appropriated to this object, and the remainder expended in the purchase of land, in Kentucky, which was secured to them in trust, as the girl had been. That Hancock took possessession of the girl, when he bought her, brought her to Kentucky, and shortly afterwards sold her to Ship.
We shall not decide whether Ship could maintain an action, for the breach of warranty of title, after the death of 'the negro, having retained possession of her without interference. Nor whether, if he could main-, tain such action, he should be restricted to the actual injury, or might recover the whole consideration; nor whether more than five years actual and continued possession by Warrage, in Virginia, before the date of the deed of trust, vested the title in him, so far as his creditors or subsequent purchasers from him, might be interested. There is one fact in the cause which is decisive.
The sale by Warrage and wife, with the approbation of the grantor, and the trustee, vested "the whole right in the purchaser. The trustee held the legal right; the cestui que trusts held the equity; both were concentrated by the sale, in Hancock. ‘ A sale by the trustee alone, would have vested the legal right. And we doubt whether a court of chancery would listen to an application of Warrage and wife, to establish their equitable claim against a rendóte purchaser^ *439 without notice of their right, and especially after they had accepted another trust, the product of the sale hy their trustee. Indeed we feel very sure, that such a claim could not fail to be discountenanced.
But when Warrage and wife, not only enjoyed the benefit of the sale, made of the legal title, but expressly parted with all their right to the purchaser, what semblance of right have they now? Jf the trust had been for the separate use of the wife, she alone was competent to dispose of it. if, as in this case, the trust enured to the joint usé of husband and wife, surely they were both able to sell it to another, if, therefore, the title must be traced to the deed of trust, and did not exist before its date, and independently of it, a complete title is proved to have been transferred to Hancock: and consequently, even if Ship, by his purchase, stood in no better attitude than Hancock did, he was never in the remotest danger of being supplanted by Warrage and wife, or their trustee, or any other person claiming by the deed of trust. Without establishing the validity and effective operation of the deed of trust, he could have no pretext of objection to the title which he had acquired. If he had succeeded in shewing that the title was derived from the deed of trust, and that alone, he had thereby entrenched himself behind a rampart, which would secure him from all danger. By establishing the efficiency of the trust, he would indubitably establish his own right. Whatever may be thought of the deed of trust, therefore, the plaintiff below has shown, with the co-operation of the defendant there, but plaintiff here, that he held a clear and indisputable title to the negro girl. If he look to the deed of trust, we cannot imagine a better title than that derived to him, from the sale by the trustee, and the beneficial parties to his vendor. The deed out of the question, his title is unquestionable. Moreover no suit had been brought against him, and he was in danger of none. It could not have jeoparded his right, if it had been brought, provided he had defended it in good faith, and in earnest.
The verdict and judgment, therefore, on this ground if there were no other, are erroneous.
Fraud alleged in a warranty. Remedy, action in the case, whether warranty written or by parol.
Talbot and Monroe, for appellant; Critlenden and Triplett, for appellee.
The objection to the declaration is not valid. Although a written warranty be given, an action on the case may be sustained for fraud in the warranty; Such suits are not unusual. They are sustained by authority, and by principle and analogy. For the simple warranty suit must be brought “ex contractu,” and of course must be covenant, if the warranty he in writing. But whether it be written or parol, suit for a fraud in making it, should be case, “ex delicto.”
But for the reasons before assigned, the judgment of the circuit court is reversed, and the cause remanded, with instructions to set aside the verdict and grant anew trial.